VIG, Appellant, v. HUSTEL, Respondent.

(210 N. W. 156.)

(File No. 5808. Opinion filed October 7, 1926.)

**Replevin—Claim and Delivery.**

     Evidence in claim and delivery held to justify verdict that defendant was owner of turkeys in controversy.

**2. Appeal and Error—Jury—Verdict Is Conclusive on Appeal, Where Evidence Is Conflicting, and New Trial Has Been Denied.**

     Where evidence is conflicting, and motion for new trial has been denied, verdict of jury is conclusive on appeal, and the only question is whether evidence supports verdict.

Note.—See, Headnote, (1), American Key-Numbered Digest, Replevin, Key-No. 72, 34 Cyc. 1509; (2) Appeal and error, Key-No. 1005(3), 4 C. J. Sec. 2841.

Verdict of jury not disturbed if evidence tends to support it, see 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79.

Action by Alfred Vig against John Hustel. From a judgment for defendant, and an order overruling a motion for a new trial, plaintiff appeals. Affirmed.

*Babcock & Babcock,* of Sisseton, for Appellant.
*Jorgenson & Anderberg,* of Sisseton, for Respondent.

DILLON, J. This is a case for the recovery of 22 turkeys. The value of the turkeys is undisputed at $200. The case was tried to a jury. and the jury returned a verdict in favor of defendant on all the issues, and says that the defendant "was and now is the owner of and entitled to immediate possession of the property described in the complaint," and that he recover the same, and that he. recover as damages $15 interest thereon, amounting in all to $215. The trial court gave judgment in accordance with this verdict. The plaintiff then gave notice to move for a new trial on insufficiency of evidence to justify the verdict and newly discovered evidence. A new trial was denied by the circuit court, and an appeal was taken to this court from the judgment so rendered, and from the order denying the new trial.

The appellant was a farmer, 25 years old, who assisted his father on a 320-acre farm and farmed for himself a 160-acre farm. The appellant claimed that 2 of his turkey hens and 20 young turkeys wandered to the respondent's farm, about a half mile distant. He claimed that his turkeys were pure-bred bronze turkeys. The respondent claims that the 2 hen turkeys in dispute and the 20 young turkeys did not belong to the appellant, but were hatched on his farm and were his property. The appellant's brothers went to the respondent's farm to drive the 22 turkeys in dispute from respondent's farm to appellant's father's farm, but returned, saying respondent refused to let them have the turkeys. Later the appellant had the sheriff, in company with his two brothers, get the 22 turkeys.

[1] Respondent testified that his wife cared for the turkeys personally, and fed them daily, and his wife testified that the

turkeys had their nest under the binder and in close proximity to the buildings, and that she could identify them. Appellant testified that his turkeys were pure bred and were hatched June 5th and that he could identify them and "saw them daily," and did not have "much time to look after turkeys." ·

The evidence justifies the verdict. The respondent's wife, who fed the turkeys each day, would be able to identify them more exactly than the appellant, who saw them every day, but was too busy to give them personal care; also it is shown that the sheriff testified that, when the appellant's brothers went to "pick out the turkeys they hesitated, and took some time to positively identify these turkeys."

[2] The jury took an unusually long time to decide the case, and it is simply a case of disputed evidence, and the judge and the jury had the chance to see and hear the witnesses, and they were better able to judge as to the credibility of the witnesses than we are.

Mundon v. Greenameyer, 44 S. D. 441, 184 N. W. 257: "Where the evidence is conflicting and motion for new trial has been denied, verdict of jury is conclusive on appeal; the only question being whether there is sufficient evidence to support verdict, and contradictory evidence is immaterial."

Peters v. Kiriakedes et al., 27 S. D. 371, 131 N. W. 316: "The evidence in the case being conflicting, and the motion for a new trial having been denied, the verdict of the jury is conclusive upon this court."

The judgment and order appealed from are affirmed.